IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RHONDA W.,[1]        )
                     )
    Plaintiff,       )
                     )
    v.               )      Civil Action No. 7:17-cv-313
                     )
NANCY A. BERRYHILL, Acting )  By: Elizabeth K. Dillon
    Commissioner of Social Security, )   United States District Judge
                     )
    Defendant.       )

**MEMORANDUM OPINION**

Plaintiff Rhonda W. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g)(2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 21.)

Rhonda timely filed written objections, and the commissioner filed a response. (Dkt. Nos. 22, 23.) Most of Rhonda's objections do not sufficiently identify errors in the report, but merely repeat arguments she made before the magistrate. Even under a de novo standard of review, however, the court agrees with the magistrate judge's recommendation. Accordingly,

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

the court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 2–4, Dkt. No. 21.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

*United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Rhonda's Objections**

Rhonda raises four objections to the report, and they are mostly the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id*. That is, she made the same arguments in her summary judgment briefing before the magistrate judge. Moreover, the report directly addresses nearly all of the contentions she raises.

In her first objection, she argues that the report erred in concluding that the ALJ's discussion of Rhonda's mental limitations satisfied the requirements of SSR 96-8p. (Pl.'s Objs. 1–4, Dkt. No. 22.) In particular, she contends that the report did not acknowledge that steps 4 and 5, based on the ALJ's assessment of the claimant's residual functional capacity (RFC), require a more detailed assessment than earlier steps and that the report incorrectly cited to the

ALJ's reasoning at the earlier steps to support its conclusion that the ALJ complied with SSR 96-8p. (Pl.'s Objs. 2.) Further, Rhonda argues that the report did not acknowledge that "because the ALJ found plaintiff's mental impairments are severe and that she has moderate limitations in concentration, persistence, and pace, and moderate limitations in social functioning, the ALJ has to provide an explanation as to how the limitations result in the RFC findings made by the ALJ." (*Id.*)  Relatedly, she also contends that the report erred in concluding that the ALJ's hypothetical questions to the vocational expert and her RFC findings accounted for Rhonda's moderate limitations in social functioning and concentration, persistence, and pace. (*Id.* at 2–3.) Additionally, she argues that the ALJ's discussion of plaintiff's medical records failed to acknowledge that plaintiff's symptoms were stable and under control *because plaintiff had been removed from the stress of the work environment*." (*Id.* at 3 (emphasis added).) Finally, Rhonda asserts that the ALJ did not adequately explain how the RFC findings that Rhonda is capable of performing the "basic mental demands of light work" with the specified accommodations accommodate her moderate limitations. (*Id.*)

The court finds that this objection is mostly a rehashing of her prior arguments before the magistrate judge. (*Compare* Pl.'s Objs. 1–4 *with* Pl.'s Mem. Supp. Mot. Summ. J. 10–16, 18.) Notably, moreover, all but one of these arguments was raised before the magistrate judge, and the report directly addressed each of them. The report first concluded that "the ALJ's discussion of [Rhonda's] mental limitations satisfies the requirements of SSR 96-8" and went on to explain how. (R. & R. 7–8.) The report next found that the ALJ considered "the medical opinions, claimant's testimony, and evidence of mental impairment, and explained the basis for her ruling" such that "the court is capable of meaningfully reviewing the RFC." (R. & R. 9.) The report also disagreed with Rhonda's contentions that: (1) the RFC found by the ALJ failed to account

for her moderate limitations in social functioning and concentration, persistence, or pace; and (2) as a result, the hypothetical question to the vocational expert was insufficient. It explained the reasons why and specifically distinguished this case from *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (R. & R. 10–11.) The report also considered Rhonda's argument that the only reason why her mental status was stable was because she was not working. (R. & R. 17.) As the magistrate judge explained, Rhonda did not point to records or any doctor's assessment to support that contention, and the ALJ, by contrast, cited to specific medical records to support her conclusion that Rhonda's mental impairments were "stable and controlled with medications." (*Id.* (citing R. 30).)

Although they are mostly rehashed objections, even if the court were to consider these objections de novo, the court has reviewed the report, the objections, and the portions of the record on which Rhonda relies. The court agrees with the reasoning in the report as to those issues it addressed. The only specific contention not addressed by the report is Rhonda's correct assertion that the magistrate judge pointed to certain of the ALJ's statements that were made at Steps 2 and 3 for support of the RFC. (R. & R. 7–8 (citing R. 21-22.) As Rhonda notes, a more detailed explanation is required to support later steps. But a review of the entire opinion of the ALJ indicates that she also considered—in order to determine the RFC and assess Steps 4 and 5—significant record evidence, the consistency of the claimant's testimony with the medical records, and the opinion evidence. Indeed, the ALJ's opinion devotes almost nine full pages to a narrative discussion explaining her consideration of that information in determining the RFC. (R. 23–31.) Thus, although the report may not have cited to those pages specifically, the ALJ clearly provided a detailed and sufficient explanation to support her conclusions as to Rhonda's RFC. For all of these reasons, the court overrules Rhonda's first objection and all its sub-parts.

In her second objection, Rhonda argues that the report erred in finding that the ALJ's decision to give Dr. Desai's opinion little weight was supported by substantial evidence. Again, she made the same argument before the magistrate judge, (*compare* Pl.'s Objs. 4–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 16–21), and again, this was adequately addressed in the report (R. & R. 12–14). The court has reviewed the report and agrees with its analysis on this issue.

In her third objection, Rhonda contends that the ALJ's credibility determination was not supported by substantial evidence. (Pl.'s Objs. 5.) Specifically, she asserts that the ALJ "cherry picked" the evidence and ignored medical evidence regarding Rhonda's manipulative limitations. She also asserts that the ALJ failed to adequately discuss and consider the medical record. (*Id*.) As with her second objection, this was directly addressed by the magistrate judge. (R. & R. 14–28.) As noted in the report, there were some references in the medical records to Rhonda complaining of neck pain radiating down her arms, which reports could support—to some extent—her allegations that she has numbness and tingling in her upper extremities as a result of cervical impairments and not just from her right wrist fracture prior to surgery. (R. & R. 15, 16.) But there were also instances where Rhonda denied radiating pain or weakness. In short, the ALJ's determination that Rhonda's testimony regarding the severity of her impairments was not fully supported by the record is supported by substantial evidence. Even if the court's review of the medical records might lead to a different conclusion, the court must affirm where the evidence supports the ALJ's conclusions, particularly since credibility depends in part on the ALJ's opportunity to observe Rhonda. *Shively v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). The court will overrule this objection, as well.

In her fourth and final objection, Rhonda assigns error to the report's conclusion that the ALJ properly performed a function-by-function analysis. She contends that the ALJ failed to

6

consider medical evidence that conflicted with the RFC finding, and she points to her opening brief as detailing the evidence she says the ALJ ignored. (Pl.'s Objs. 7 (citing Pl.'s Br. 24–25, 27-28, Dkt. No. 14).) The report flatly rejected this argument, calling her arguments "disagreements with the ALJ's RFC determination," and requests for the "court to reweigh the evidence." (R. & R. 18.) The report further states that the ALJ "did not fail to consider conflicting medical evidence," (*id.* at 19), although it does not cite specifically to any consideration given to conflicting evidence. In reviewing the pages of medical records cited in plaintiff's opening brief, the court acknowledges that they include some records that are inconsistent with the ALJ's determination of Rhonda's RFC. For example, she points to records that note severe pain on certain days, and records in which doctors prescribed medication as well as physical therapy, injections, and cervical medial branch blocks. (Pl.'s Br. 25, Dkt. No. 14.) She also claims that the ALJ ignored evidence of lumbar pain and severe cervical pain, as well as evidence documenting a limited cervical range of motion post cervical fusion. (*Id.* at 27.)

While the ALJ did not cite specifically to every record that Rhonda points to in her brief, the ALJ did acknowledge this record evidence in her discussion of the medical evidence and when determining the RFC. (*See, e.g.*, R. 24–26 (referencing: complaints of pain generally; complaints of back and/or neck pain; prescriptions of medication and other treatments; limited cervical range of motion). Thus, it is simply not true that the ALJ failed to consider this conflicting evidence. And, as the report notes, the court can conduct meaningful review because the "ALJ's findings include a detailed summary of [Rhonda's] medical records, the medical opinions, [Rhonda's] hearing testimony, and the ALJ's conclusions." (R. & R. 19.) Thus, even reviewing this last objection de novo, the court overrules it.

7

## III. CONCLUSION

For the foregoing reasons, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Rhonda's objections and adopt the magistrate judge's recommendation. The court will therefore grant the commissioner's motion for summary judgment, deny Rhonda's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: September 28, 2018.

*/s/ Elizabeth K. Dillon*
      Elizabeth K. Dillon
      United States District Judge